IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARDINAL HEALTH 106, INC., f/k/a JAMES W. DALY, INC., d/b/a CARDINAL HEALTH, <br><br> Plaintiff, <br><br> v. <br><br> ALDAMEL, INC., d/b/a CRESCENT PHARMACY, AMERISOURCE BERGER DRUG CORP., f/k/a AMERISOURCE CORPORATION, JAMES BRUDNICK COMPANY, INC., COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, and INTERNAL REVENUE SERVICE, <br><br> Defendants. | 04cv10358RWZ <br><br> Civil No. _____ <br> MAGISTRATE JUDGE _____ <br><br> Formerly <br> No. 2004-00045 <br> Essex County Superior Court <br><br> RECEIPT # _____ <br> AMOUNT $ 150 <br> SUMMONS ISSUED _____ <br> LOCAL RULE 4.1 _____ <br> WAIVER FORM _____ <br> MCF ISSUED _____ <br> BY DPTY. CLK. _____ <br> DATE 2-23-04 |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

The defendant United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully states as follows:

1. The United States of America has been named as a defendant to the civil action that is now pending in the Superior Court Department, Essex County, for the Commonwealth of Massachusetts, entitled <u>Cardinal Health 106, Inc., f/k/a James W. Daly, d/b/a Cardinal Health v. Aldamel, Inc., et al.</u>, Case No. 2004-00045.

2. This action is removable to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441, 1442 and/or 1444.

3. No prior removal of this action has been attempted.

- 2 -

4. The removal of this action is timely under the provisions of 28 U.S.C. §1446(b) as the United States has thirty days from the date of service to remove to federal court.

5. Copies of all pleadings received by the defendant United States in this proceeding are attached hereto.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BARBARA HEALY SMITH
Assistant United States Attorney

_/s/ Lydia D. Bottome_
LYDIA D. BOTTOME (BBO # 640367)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on 23 February 2004

_/s/ Barbara Healy Smith_
BARBARA HEALY SMITH
United States Attorney's Office
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2004-00045

Cardinal Health 106, Inc., f/k/a James W. Daly, Inc., d/b/a Cardinal Health ................................................................., Plaintiff(s)

v.

Aldamel, Inc., et al. ................................................................., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Jeffrey B. Loeb, Rich May, P.C. plaintiff's attorney, whose address is 176 Federal Street, 6th Floor, Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 34 Federal Street, Salem, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 13th day of January , in the year of our Lord two thousand (2004)

*[signature]*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                        SUPERIOR COURT DEPARTMENT
                                                           CIVIL NUMBER

Cardinal Health 106, Inc.,  )
f/k/a James W. Daly, Inc., d/b/a  )
Cardinal Health,  )
    Plaintiff,  )
 )
v.  )          **COMPLAINT**
 )
Aldamel, Inc.,  )
d/b/a Crescent Pharmacy,  )
AmeriSource Berger Drug  )
Corporation f/k/a AmeriSource  )
Corporation,  )
James Brudnick Company, Inc.,  )
Commonwealth of Massachusetts  )
Department of Revenue, and  )
Internal Revenue Service,  )
    Defendants.  )

1.     Cardinal Health 106, Inc., f/k/a James W. Daly, Inc., the Plaintiff in the above-captioned Action, is a Massachusetts corporation with a usual place of business located in Peabody, Essex County, Massachusetts.

2.     Aldamel Inc., d/b/a Crescent Pharmacy, a Defendant in the above captioned Action, purports to be a Massachusetts corporation with a usual place of business located at 351 Salem Street, Woburn, Massachusetts.

3.     AmeriSource Berger Drug Corporation f/k/a AmeriSource Corporation, a Defendant in the above-captioned Action, purports to be a Delaware corporation, with a usual place of business located at 1300 Morris Drive, Suite 100, Chesterbrook, Pennsylvania.

4. The James Brudnick Company, Inc., a Defendant in the above-captioned Action, purports to be a Delaware corporation with a usual place of business located at 1300 Morris Drive, Chesterbrook, Pennsylvania.

5. The Department of Revenue for the Commonwealth of Massachusetts, a Defendant in the above-captioned Action, is a division of the Commonwealth of Massachusetts with a usual place of business located at 51 Sleeper Street, Boston, Massachusetts.

6. The Internal Revenue Service, a Defendant in the above-captioned Action, has a usual place of business located at 1 Montvale Avenue, Stoneham, Massachusetts.

7. The Plaintiff is a judgment creditor of Aldamel, Inc., having obtained a judgment in the amount of $38,919.34 in the Peabody District Court in the civil action titled <u>James W. Daly, Inc., v. Aldamel, Inc., Civil Action Number 9536CV0053</u>.

8. On or about October 11, 1996, the Plaintiff brought a Reach and Apply Action against Aldamel, Inc., and Kemper National Insurance Company (hereinafter "Kemper") in the Essex County (Massachusetts) Superior Court.

9. On or about November 4, 1996, the Plaintiff obtained an Order from the Essex County (Massachusetts) Superior Court enjoining Kemper from making any payments to Aldamel, Inc.,

10. As the Plaintiff was a judgment creditor, the effective date of its lien is October 11, 1996.

11. On or about August 26, 1999, final judgment was entered in favor of the Plaintiff in the Essex County (Massachusetts) Superior Court (a copy of the judgment is attached hereto as Exhibit 1).

12. In or around March 2002, Aldamel, Inc. and Kemper entered into an agreement pursuant to which Kemper agreed to pay Aldamel, Inc. $20,000 as full settlement of Aldamel, Inc.'s claims.

13. On or about May 27, 2003, Kemper issued a check in the amount of $20,000 payable to Aldamel, Inc., d/b/a Crescent Pharmacy and M.P. Hickey, Esq. and the Internal Revenue Service and the J. Brudnick Co., Inc., and the Commonwealth of Massachusetts and J. W. Daly, Inc., and AmeriSource Corporation.

14. Each of the parties to this Action has asserted an interest in the above referenced settlement proceeds.

15. The Internal Revenue Service has provided documentation to support its claim of a priority lien in the amount of $8,344.84.

16. None of the other Defendants have provided any justification for their apparent claim that they are entitled to a portion of the above referenced settlement proceeds.

17. Despite repeated demands, Aldamel, Inc., d/b/a Crescent Pharmacy has refused to acknowledge the Plaintiff's lien on the above referenced settlement proceeds.

18. An actual controversy exist between the parties relative to their entitlement to a portion of the above referenced settlement proceeds.

Wherefore, Cardinal Health 106, Inc., the Plaintiff in the above-captioned Action, respectfully requests that this Court issue an Order:

A. Determining the extent and priority as to the lien that each of the parties to this Action has on Kemper Insurance Company's claim check number 522-0-222-620 in the amount of $20,000 and any replacement check;

  B. Order each party to endorse Kemper Insurance Company's claim check number 522-0-222-620 and any replacement check so that the proceeds can be distributed based upon the priority of the liens held by each party;

  C. Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,<br>
The Plaintiff<br>
By Its Attorney,<br><br>
_____<br>
Jeffrey B. Loeb, BBO# 546916<br>
Rich May, A Professional Corporation<br>
176 Federal Street, 6th Floor<br>
Boston, MA 02110<br>
(617) 556-3800

Dated January 9, 2004

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO. 96-2126-B

JAMES W. DALY, INC.           )
        Plaintiff             )
                              )
v.                            )       JUDGMENT
                              )
ALDAMEL, INC. d/b/a           )
CRESCENT PHARMACY,            )
        Defendant             )
and                           )
                              )
KEMPER NATIONAL INSURANCE     )
COMPANY,                      )
        Reach and Apply       )
          Defendant           )

After a hearing on an assessment of damages, the Court orders the following:

1. The defendant, Aldamel, Inc., is indebted to the plaintiff in the amount of Thirty-Eight Thousand Nine Hundred Nineteen Dollars and Thirty-Four Cents ($38,919.34) together with accruing interest;

2. James W. Daly, Inc., has a lien on any amounts to be paid by Kemper National Insurance Company, the Reach and Apply defendant, to the defendant, Aldamel, Inc., in the above amount which lien was effective on October 11, 1996, the date of the filing of this Action; and,

3. In the event that Kemper National Insurance Company or its successors or assigns becomes obligated to pay any money to Aldamel, Inc., or its successors or assigns either by agreement, court order, or otherwise, Kemper National Insurance Company, is

ordered to recognize the lien of James W. Daly, Inc., subject to any prior liens and make payment to James W. Daly, Inc., in the amount of said judgment subject to the availability of funds.

August 76, 1999
Date

Robert J. Barton
Barton, J.

- 2 -