IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARDINAL HEALTH 106, INC., f/k/a JAMES W. DALY, INC., d/b/a CARDINAL HEALTH, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 04-10358-RWZ |
| v. | ) ) | |
| ALDAMEL, INC., d/b/a CRESCENT PHARMACY, AMERISOURCE BERGER DRUG CORP., f/k/a AMERISOURCE CORPORATION, JAMES BRUDNICK COMPANY, INC., COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, and INTERNAL REVENUE SERVICE, | ) ) ) ) ) ) ) ) ) | Formerly No. 2004-00045 Essex County Superior Court |
| Defendants. | ) | |

UNITED STATES' ANSWER

FIRST DEFENSE

The Internal Revenue Service is not a suable entity and the United States is the proper party defendant.

SECOND DEFENSE

The United States, by its undersigned counsel, hereby responds to the specific allegations of the complaint as follows:

1.  *Cardinal Health 106, a/k/a James W. Daly, Inc., the Plaintiff in the above-captioned Action, is a Massachusetts corporation with a usual place of business located in Peabody, Essex County, Massachusetts.*

RESPONSE: The United States admits that Cardinal Health 106 is the named plaintiff in the above-captioned action, but avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the complaint.

2. *Aldamel Inc, d/b/a Crescent Pharmacy, a Defendant in the above captioned action, purports to be a Massachusetts corporation with a usual place of business located at 351 Salem Street, Woburn, Massachusetts.*

RESPONSE: The United States admits that Aldamel, Inc. is a named defendant in the above-captioned proceeding, but avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the complaint.

3. *AmeriSource Berger Drug Corporation f/k/a AmeriSource Corporation, a Defendant in the above-captioned Action, purports to be a Delaware corporation, with a usual place of business located at 1300 Morris Drive, Suite 100, Chesterbrook, Pennsylvania.*

RESPONSE: The United States admits that AmeriSource Berger Drug Corp. is a named defendant in the above-captioned proceeding, but avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the complaint.

4. *The James Brudnick Company, Inc., a Defendant in the above-captioned Action, purports to be a Delaware corporation with a usual place of business located at 1300 Morris Drive, Chesterbrook, Pennsylvania.*

RESPONSE:   The United States admits that the James Brudnick Company is a named defendant in the above-captioned proceeding, but avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.   *The Department of Revenue for the Commonwealth of Massachusetts, a Defendant in the above-captioned Action, is a division of the Commonwealth of Massachusetts with a usual place of business located at 51 Sleeper Street, Boston, Massachusetts.*

RESPONSE:   The United States admits the allegations contained in paragraph 5 of the complaint.

6.   *The Internal Revenue Service, a Defendant in the above-captioned Action, has a usual place of business of 1 Montvale Avenue, Stoneham, Massachusetts.*

RESPONSE:   The United States denies that the Internal Revenue Service is the proper party defendant in the above-captioned action, but avers that the United States is the proper party and that jurisdiction is proper in this Court over the United States in this action.

7.   *The Plaintiff is a judgment creditor of Aldamel, Inc., having obtained a judgment in the amount of $38,919.34 in the Peabody District Court in the civil action titled* <u>James W. Daly, Inc. v. Aldamel, Inc.</u>, *Civil Action Number 9536CV0053.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8.   *On or about October 11, 1996, the Plaintiff brought a Reach and Apply Action against Aldamel, Inc., and Kemper National Insurance Company (hereinafter "Kemper") in the Essex County Superior Court.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. *On or about November 4, 1996, the Plaintiff obtained an Order from the Essex County (Massachusetts) Superior Court enjoining Kemper from making any payments to Aldamel, Inc.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. *As the Plaintiff was a judgment creditor, the effective date of its lien is October 11, 1996.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. *On or about August 11, 1999, final judgment was entered in favor of the Plaintiff in the Essex County (Massachusetts) Superior Court (a copy of the judgment is attached hereto as Exhibit 1).*

RESPONSE: The United States admits the allegations contained in paragraph 11 of the complaint.

12. *In or around March 2002, Aldamel, Inc. and Kemper entered into an agreement pursuant to which Kemper agreed to pay Aldamel, Inc. $20,000 as full settlement of Aldamel Inc.'s claims.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. *On or about May 27, 2003, Kemper issued a check in the amount of $20,000 payable to Aldamel, Inc., d/b/a Crescent Pharmacy and M.P. Hickey, Esq. and the Internal Revenue Service and the J. Brudnick Co., Inc. and the Commonwealth of Massachusetts and J.W. Daly, Inc., and AmeriSource Corporation.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. *Each of the parties in this Action have asserted an interest in the above-referenced settlement proceeds.*

RESPONSE:   The United States admits that it has asserted an interest in the funds at issue in this proceeding but states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the complaint.

15. *The Internal Revenue Service has provided documentation to support its claim of a priority lien in the amount of $8,344.84.*

RESPONSE:   The United States denies the allegations contained in paragraph 15 of the complaint but avers that it has two Notices of Federal Tax Lien filed against Aldamel, Inc., d/b/a Crescent Pharmacy, and that the current amount due, as of March 15, 2004, is $14,046.78.  This amount continues to accrue interest and other additions according to law.

16. *None of the other Defendants have provided any justification for their apparent claim that they are entitled to a portion of the above referenced settlement proceeds.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17.     *Despite repeated demands, Aldamel, Inc., d/b/a Crescent Pharmacy, has refused to acknowledge the Plaintiff's lien on the above-referenced settlement proceeds.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18.     *An actual controversy exist [sic] between the parties relative to their entitlement to a portion of the above referenced settlement proceeds.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.  The United States' priority to these funds is clear.

WHEREFORE, the United States prays that this Court determine that the United States has priority to the funds at issue in this proceeding to the extent of its federal tax liens, and award the United States such other costs and further relief as this Court deems appropriate.

>                     Respectfully submitted,
>
>                     MICHAEL J. SULLIVAN
>                     United States Attorney
>
>
>                     /s/ Lydia D. Bottome
>                     LYDIA D. BOTTOME
>                     Trial Attorney, Tax Division
>                     U.S. Department of Justice
>                     Post Office Box 55
>                     Ben Franklin Station
>                     Washington, D.C.  20044
>                     Telephone: (202) 307-6560
>                     Lydia.D.Bottome@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Answer has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 8th day of March, 2004:

Jeffrey Loeb
Rich May, PC
176 Federal Street
6th Floor
Boston, Massachusetts 02110

AmeriSource Berger Drug Corp.
1300 Morris Drive
Suite 100
Chesterbrook, PA 19087

James Brudnick Company
1300 Morris Drive
Chesterbrook, MA 19087

Aldamel, Inc.
351 Salem Street
Woburn, Massachusetts 01801

/s/ Lydia D. Bottome
LYDIA D. BOTTOME
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560