UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1-04-CV-10358 RWZ

| | |
|---|---|
| CARDINAL HEALTH 106, INC., F/K/A JAMES W. DALY, INC. D/B/A CARDINAL HEALTH,<br><br>Plaintiff,<br><br>v.<br><br>ALDAMEL, INC., D/B/A CRESCENT PHARMACY, AMERISOURCE BERGEN DRUG CORP., F/K/A AMERISOURCE CORP., JAMES BRUDNICK COMPANY, INC. COMMONWEALTH OF MASSACHUSETTS DEPT. OF REVENUE AND INTERNAL REVENUE SERVICE,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## AMERISOURCE BERGEN DRUG CORPORATION F/K/A AMERISOURCE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

For its answer to the allegations of the complaint, defendant AmeriSource Bergen Drug Corporation f/k/a AmeriSource Corporation (hereinafter "AmeriSource") admits, denies and states as follows:

1. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore, denies them.

2. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore, denies them.

3. AmeriSource admits the allegations contained in paragraph 3.

4. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore, denies them.

5. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore, denies them.

6. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore, denies them.

7. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore, denies them

8. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore, denies them.

9. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore, denies them.

10. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore, denies them.

11. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore, denies them.

12. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore, denies them.

13. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore, denies them.

14. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 which are directed to other parties in the

litigation, and therefore, denies them. By way of further answer, AmeriSource asserts an interest in said settlement proceeds. In support thereof, AmeriSource submits true and correct copies of Aldamel, Inc.'s New Account Information form, AmeriSource's Affidavit of Aldamel, Inc.'s Debt, AmeriSource's Affidavit in Support of Motion for Keeper, AmeriSource's Billing Statements to Aldamel, Inc. and AmeriSource's Reports of Aldamel, Inc.'s Purchases, all of which are attached hereto as Exhibit "A" and incorporated herein by reference.

15. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore, denies them.

16. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 which are directed to other parties in the litigation, and therefore, denies them. By way of further answer, AmeriSource asserts an interest in said settlement proceeds and relies, in part, on the materials attached as Exhibit "A" and are incorporated by reference herein.

17. AmeriSource lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore, denies them.

18. The allegations in paragraph 18 constitute a conclusion of law and therefore no response is required. To the extent that paragraph 18 makes factual allegations, AmeriSource denies them.

WHEREFORE, the defendant AmeriSource Bergen Drug Corporation f/k/a AmeriSource Corporation demands judgment:

1. dismissing the Complaint herein upon its merits;
2. for its costs and attorney fees in defense of this action; and
3. for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        AMERISOURCE BERGEN DRUG
        CORPORATION F/K/A AMERISOURCE
        CORPORATION

        By its attorneys,

        _____
        Christopher Maffucci, BBO #645972
        CASNER & EDWARDS, LLP
        303 Congress Street
        Boston, MA 02210

Dated: March 15, 2004        (617) 426-5900

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party by mail on March 15, 2004.

        _____
        Christopher Maffucci

8080.0/314761